```
                UNITED STATES BANKRUPTCY COURT
                 NORTHERN DISTRICT OF GEORGIA
                        ROME DIVISION

IN RE: DUSTIN TYLER BABB,         {   CHAPTER 13
                                  {
                                  {
       DEBTOR(S)                  {   CASE NO. R23-40657-BEM
                                  {
                                  {   JUDGE ELLIS-MONRO
```

**OBJECTION TO CONFIRMATION**

    COMES NOW K. EDWARD SAFIR, CHAPTER 13 TRUSTEE herein, and objects to Confirmation of the plan for the following reasons:

    1. The Debtor's payments under the proposed plan are not current.

    2.  As unsecured creditors may receive less than in a Chapter 7 liquidation, the plan may not conform to 11 U.S.C. Section 1325(a)(4).

    3. Pursuant to testimony at the 341 meeting, the Debtor has a domestic support obligation.  The plan fails to provide any information regarding this obligation.  Prior to confirmation the Debtor must provide to the Trustee evidence that they have maintained all payments that have come due since the filing of the petition.  11 U.S.C. § 1325(a)(8).

    4.  The Debtor may have failed to provide adequate notice to domestic support obligation recipient(s), in violation of 11 U.S.C. § 342.

    5. The Debtor's Chapter 13 plan fails to provide for an increase in payments when direct payments at $336.22 per month for domestic support obligation deduction end, in violation of 11 U.S.C. §§ 1325(a)(3) and 1325(b)(2)(A).

    6. The Debtor's Chapter 13 plan, schedules, and/or Statement of Financial Affairs are inaccurate and/or incomplete; the Trustee is unable to determine either the duration or feasibility of the proposed plan.  11 U.S.C. §§ 1325(a)(3) and 1325(a)(7). Specifically, question 4 omits the non-filing spouse's income.

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave., NE
Suite 1600
Atlanta, GA 30303
(404) 525-1110
brandik@atlch13tt.com

7. The proposed plan provides for set monthly payments to Upstart Network, Inc. However, said creditor(s) has filed an unsecured claim and these funds should be reallocated.

8. The Chapter 13 plan fails to provide for the assumption and funding or rejection of executory contract owed to Rent-A-Center . 11 U.S.C. § 365(b)(1)(C).

9. Schedule G fails to reflect the Debtor's executory contract with Rent-A-Center. 11 U.S.C. § 342, Fed. R. Bankr. P 1007(b).

10. The Chapter 13 budget fails to include expenses for Rent-A-Center of $87.00 per month; thereby, possibly rendering the proposed Chapter 13 plan payment to be infeasible, in violation of 11 U.S.C. Section 1325(a)(6).

11. The Debtor's Chapter 13 plan fails to provide for an increase in payments when direct payments of $87.00 per month for Rent-A-Center end, in violation of 11 U.S.C. §§ 1325(a)(3) and 1325(b)(2)(A).

12. The Debtor's Chapter 13 plan, schedules, and/or Statement of Financial Affairs are inaccurate and/or incomplete; the Trustee is unable to determine either the duration or feasibility of the proposed plan.  11 U.S.C. §§ 1325(a)(3) and 1325(a)(7).  Specifically, the Debtor has incurred post-petition debt with Rent-A-Center, possibly rendering his proposed plan infeasible.

13. Schedule H fails to provide complete Co-Debtor information for the debt owed to Lendmark Financial Services, LLC.

14. The proposed plan fails to provide for the treatment of the Internal Revenue Service. However, said creditor has filed a priority claim.

15. The Debtor's Chapter 13 plan, schedules, and/or Statement of Financial Affairs are inaccurate and/or incomplete; the Trustee is unable to determine either the duration or feasibility of the proposed plan.  11 U.S.C. §§ 1325(a)(3) and 1325(a)(7).  Specifically, the Debtor testified at the 341 meeting that he is not sure whether his home is part of a homeowner's association.

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave., NE
Suite 1600
Atlanta, GA 30303
(404) 525-1110
brandik@atlch13tt.com

16. The Chapter 13 composition plan proposes to pay a debt of $7,335.33 for a vehicle purchased on or about February 1, 2023; thereby, indicating a lack of good faith in proposing a repayment plan, 11 U.S.C. Section 1325(a)(3).

17. The proposed composition plan provides for the funding of a 2022 Yamaha R3, a secured debt that may be excessive and unnecessary for the support of Debtor or Debtor's dependents, thereby indicating a lack of good faith, in violation of 11 U.S.C. Section 1325(a)(3).

18. The Debtor's Chapter 13 composition Plan proposes to pay an automobile debt of $39,427.33, indicating a lack of good faith in proposing this repayment Plan. 11 U.S.C. § 1325(a)(3).

WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of this Debtor's (s') Plan and to dismiss the case; or, in the alternative, convert the case to one under Chapter 7.

_____/s/_____
Brandi L. Kirkland, Attorney
for Chapter 13 Trustee
GA Bar No. 423627

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave., NE
Suite 1600
Atlanta, GA 30303
(404) 525-1110
brandik@atlch13tt.com

R23-40657-BEM

**CERTIFICATE OF SERVICE**

I hereby certify that on *this* day I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system which will automatically send an e-mail notification of such filing to the parties or attorneys of record. I have also on this day caused a copy of the pleading to be placed in the first-class United States mail, postage prepaid, addressed to the following recipients not participating in the CM/ECF system as follows:

DUSTIN TYLER BABB
4580 HIGHWAY 52A
CHATSWORTH, GA 30705-7718

This 14th day of June, 2023

/s/
Brandi L. Kirkland, Attorney
for Chapter 13 Trustee
GA Bar No. 423627

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave., NE
Suite 1600
Atlanta, GA 30303
(404) 525-1110
brandik@atlch13tt.com